CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO LUIS DIAZ-RODRIGUEZ, Petitioner, | Civil Action No. 7:05cv00367 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Antonio Luis Diaz-Rodriguez has filed this 28 U.S.C. § 2255 motion, challenging his 235-month sentence for conspiracy to distribute and possess fifty grams or more of cocaine base and five kilograms or more of cocaine. Diaz-Rodriguez claims that the court violated his Sixth Amendment rights by considering drug weight during sentencing and that his counsel was ineffective because he failed to preserve Diaz-Rodriguez's potential Blakely/Booker[1] claim when negotiating his plea agreement, because he failed to inform Diaz-Rodriguez of the potential ramifications of the impending Blakely decision, because he discouraged Diaz-Rodriguez from objecting to portions of the pre-sentence report, and because he failed to file an appeal upon Diaz-Rodriguez's request. This matter is before the court on respondent's motion to dismiss. The court finds that Diaz-Rodriguez waived his Sixth Amendment claim and his ineffective assistance claims regarding counsel's alleged failure to preserve Blakely/Booker claims and counsel's alleged failure to adequately brief Diaz-Rodriguez on the upcoming Blakely decision, and the court finds meritless Diaz-Rodriguez's claim that counsel improperly discouraged him from raising objections to the pre-sentence report. However, the court is unable on the record before it to resolve Diaz-Rodriguez's claim that counsel

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) (forbidding the enhancement of a sentence beyond the statutory maximum based on facts neither admitted by the defendant nor found by a jury); United States v. Booker, 543 U.S. 220 (2005) (applying the Blakely holding to the Federal Sentencing Guidelines).

failed to file an appeal upon request and orders an evidentiary hearing limited to the issue of whether Diaz-Rodriguez requested counsel file an appeal.

## I.

A grand jury indicted Diaz-Rodriguez on one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine. Diza-Rodriguez entered a guilty plea. The court conducted a thorough Rule 11 colloquy, during which Diaz-Rodriguez affirmed under oath that he had discussed the charge with his attorney, that he was satisfied with his attorney's representation and advice, that no one had made any promise or assurance to him of any kind in an effort to induce him to plead guilty, that no one had attempted to force him to plead guilty, that he understood the charges against him, that his counsel had explained the elements of the offense to which he was pleading, that he understood the offense carried a possible sentence of life in prison and a mandatory minimum sentence of ten years, that he had spoken with his attorney about how the Sentencing Guidelines might apply in his case, that he understood he had the right to plead not guilty, that he was giving up his right to a trial and all rights associated with a trial, that he was waiving his right to appeal or collaterally attack his conviction and sentence, and that he was pleading guilty because he, in fact, was guilty. During the colloquy, the court specifically recited the drug quantity specified in the indictment and gave Diaz-Rodriguez the opportunity to deny or disagree; however, Diaz-Rodriguez did not challenge the quantity.

The Government then gave a summary of the evidence. In addition to testimony detailing police observation of Diaz-Rodriguez engaging in drug activity, the government proffered the testimony of various witnesses who would detail multiple drug purchases from Diaz-Rodriguez

from 1995 through 2002 and evidence from a controlled buy, along with lab evidence confirming the substance's weight and chemical composition. Finding that Diaz-Rodriguez was fully competent and capable of entering an informed plea and that his plea was knowing and voluntary, the court accepted his plea.

A probation officer prepared a pre-sentence report which recommended a three-point enhancement for taking a "leadership role" in the conspiracy, citing evidence that several members of the drug organization referred to Diaz-Rodriguez as "second in command" and that Diaz-Rodriguez exercised a leadership role in the drug organization by recruiting and paying drug distributors; acquiring cellular phones, vehicles, and rental cars for members of the conspiracy; and handling money for the drug organization. Diaz-Rodriguez filed objections to this enhancement, but, during the sentencing hearing, he withdrew all objections to the pre-sentence report. The court sentenced him to 235 months. Diaz-Rodriguez did not appeal.

In his § 2255 petition, Diaz-Rodriguez claims that the court violated his Sixth Amendment rights by considering drug weight during sentencing and that his counsel was ineffective because he failed to preserve Diaz-Rodriguez's potential claims under Blakely and Booker when negotiating his plea agreement, because he failed to inform Diaz-Rodriguez of the potential ramifications of the impending Blakely decision, because he discouraged Diaz-Rodriguez from objecting to portions of the pre-sentence report, and because he failed to file an appeal despite Diaz-Rodriguez's request.

## II.

A waiver of the right to appeal and collaterally attack a conviction or sentence is valid so long as it is voluntarily and knowingly made. U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir.

2005). Diaz-Rodriguez executed such a waiver and, in doing so, waived his Sixth Amendment claim[2] and his ineffective assistance claims related to counsel's alleged failure to preserve a Blakely/Booker challenge during plea negotiations and to discuss with Diaz-Rodriguez the potential ramifications of the then impending Blakely decision.[3] Accordingly, the court

---

[2] Further, to the extent Diaz-Rodriguez attempts to raise a Sixth Amendment claim under Blakely/Booker, he may not do so on collateral review because the Supreme Court did not make the holdings of Blakely and Booker retroactive to cases on collateral review. See, e.g., U.S. v. Johnson, 146 Fed.Appx. 656 (4th Cir. 2005) (one of a series of recent unpublished Fourth Circuit opinions in which the court has explicitly held that the Supreme Court did not make Blakely and Booker retroactive to cases on collateral review).

To the extent that Diaz-Rodriguez raises a Sixth Amendment claim under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum" must be submitted to a jury if not admitted by the defendant), his claim fails for two reasons. First, the drug weight in question, fifty grams or more of cocaine base and five kilograms or more of cocaine, was charged in the indictment, and Diaz-Rodriguez admitted and affirmed the accuracy of that drug weight figure in his written plea agreement and in his sworn statements during the Rule 11 plea colloquy. The court gave Diaz-Rodriguez every opportunity to disagree with or deny the drug weight, but he did not. Thus, Diaz-Rodriguez admitted to the drug weight, allowing the court to consider it during sentencing without running afoul of Apprendi. Second, Apprendi only applies if the challenged sentence "exceed[s] the maximum allowable without a jury finding of a specific threshold drug quantity." See United States v. Promise, 255 F.3d 150, 156 (4th Cir. 2001). Under 21 U.S.C. 841(b)(1)(C), the court could have imposed a sentence of up to 240 months for possession with intent to distribute *any* detectable quantity of cocaine or crack, with no finding of a specific threshold drug quantity. The court imposed a sentence of 235 months, and, because that sentence fell below the maximum allowed under 841(b)(1)(C), Apprendi is inapplicable to Diaz-Rodriguez's sentence.

[3] Moreover, in relation to his ineffective assistance claims, Diaz-Rodriguez cannot demonstrate objectively deficient performance as required under Strickland v. Washington, 466 U.S. 668, 669 (1984). The Supreme Court had yet to render its decision in Blakely, much less Booker, at the time counsel negotiated Diaz-Rodriguez's plea agreement, and counsel did not perform in an objectively unreasonable manner by failing to anticipate the Supreme Court's holding in Blakely and to preserve Diaz-Rodriguez's right to appeal any potential Blakely claim. See U.S. v. Claiborne, 388 F.Supp.2d 676, 682 (E.D. Va. 2005) (citing United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir.1996), Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir.1995).

Also, with regard to his claim that counsel should have briefed him on Blakely before he entered his plea, Diaz-Rodriguez also has failed to demonstrate prejudice as required under Strickland. Diaz-Rodriguez appears to claim that counsel's failure to discuss the upcoming Blakely decision with him prejudiced him in that, had he known, he would have pled guilty without

dismisses those claims.

### III.

Diaz-Rodriguez executed a valid waiver of his right to collaterally attack; however, because his ineffective assistance claims regarding objections to the pre-sentence report and counsel's alleged failure to appeal pertain to phases post-dating execution of his waiver, they fall outside its scope, requiring review on the merits. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").[4]

---

admitting to the drug weight charged in the indictment. This claim is a nonstarter, though, because a specific drug weight was charged in the indictment, and the court treated that drug weight as an element of the offense, meaning that the court would have rejected any attempt by Diaz-Rodriguez to plead guilty but somehow refuse to admit to the drug weight charged, and Diaz-Rodriguez would have had no choice but to either plead to every element of the charge or proceed to trial.

[4] At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp. 2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers

In order to establish ineffective assistance, Diaz-Rodriguez must show both that counsel's performance fell below an objective standard of reasonableness and that counsel's errors prejudiced him to the extent that, but for the errors, the outcome of his hearing or case would have been different. See Strickland v. Washington, 466 U.S. 668, 669 (1984). Diaz-Rodriguez claims that counsel provided ineffective assistance when he discouraged Diaz-Rodriguez from objecting to a leadership enhancement recommendation in the pre-sentence report and from objecting when the pre-sentence report did not recommend application of the "safety valve" exception, which allows the court to disregard mandatory minimum sentences if certain criteria are met. See U.S.S.G. § 5C1.2. However, because the Government was prepared to present extensive evidence of Diaz-Rodriguez's leadership role in the conspiracy, the court would have denied any objection to the leadership enhancement. Further, because the "safety valve" exception does not apply to a defendant who took a "leadership role," U.S.S.G. § 5C1.2(4), the court also would have denied any objection related to the "safety valve" exception. Thus, Diaz-Rodriguez has failed to demonstrate prejudice, and his ineffective assistance claim fails.

## IV.

Diaz-Rodriguez also claims that counsel was ineffective for failing to file an appeal. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." U.S. v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). Diaz-Rodriguez need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The

---

of collateral-attack rights."

Case 7:05-cv-00367-SGW-mfu   Document 11   Filed 12/22/05   Page 6 of 7   Pageid#: 99

inmate need not show a reasonable probability of success on appeal. See id. Thus, if Diaz-Rodriguez's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate Diaz-Rodriguez's allegation. The court, therefore, orders an evidentiary hearing on this claim.

V.

For the reason stated herein, the court orders an evidentiary hearing solely on the issue of whether Diaz-Rodriguez instructed his attorney to file an appeal. The court hereby grants the respondent's motion to dismiss as to all other claims.

ENTER: This 22nd day of December, 2005.

UNITED STATES DISTRICT JUDGE